# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ROBLISA KNIGHT, et al.

VERSUS

CITY OF BATON ROUGE, et al.

CIVIL ACTION

18-1010-SDD-RLB

## RULING

This matter is before the Court on the *Motion to Dismiss Under Rule 12(b)(1), Motion to Dismiss Under Rule 12(b)(6), and Motion for a More Definite Statement Under Rule 12(e)*[1] and the *Motion to Quash Subpoena and Motion to Stay Proceedings*[2] filed by Defendants, City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"), Mayor-President Sharon Weston Broome ("Mayor Broome"), Baton Rouge Metropolitan Council ("Metro Council"), and Baton Rouge Police Department Chief of Police Murphy J. Paul, Jr. ("Chief Paul") (collectively, "Defendants"). Plaintiffs, Roblisa Knight and Waconda Toney (collectively, "Plaintiffs"), filed a *Response*[3] to both motions, and Defendants filed a *Reply* with respect to the *Motion to Dismiss*.[4] For the reasons that follow, Defendants' motions shall be GRANTED.

## I.  FACTUAL BACKGROUND

Plaintiffs' *Complaint* is sparse but alleges that Calvin Toney ("Toney") was killed as a result of "an incident involving the Baton Rouge Police Department."[5] Plaintiff Roblisa

---

[1] Rec. Doc. No. 22.
[2] Rec. Doc. No. 31.
[3] Rec. Doc. No. 27; Rec. Doc. No. 36.
[4] Rec. Doc. No. 33.
[5] Rec Doc. No. 1, p. 2.
56961

Knight appears herein on behalf of her daughter, Calie Knight, whose father, she avers, was Toney. Plaintiff Waconda Toney states that she is Toney's biological mother. Together, they bring wrongful death and loss of consortium claims, as well as additional claims pursuant to 42 U.S.C. § 1983, alleging that the actions of Defendants amounted to violations of Toney's Fourth and Fourteenth Amendment rights to be free from excessive force, and that Defendants acted "with deliberate indifference to the decedent's medical needs."[6] Plaintiffs also allege various state law tort claims, including negligence, assault, and battery. In their *Motion to Dismiss*, Defendants raise several arguments for the dismissal of Plaintiffs' claims against them. The Court will address those arguments in turn.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss Under Rules 12(b)(1) and 12(b)(6)

#### 1. Rule 12(b)(1)

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'"[7] If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, "'the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6).'"[8] The reason for this rule is to preclude courts from issuing

---

[6] Rec. Doc. No. 1, p. 3.
[7] *Crenshaw–Logal v. City of Abilene, Texas*, 436 F. App'x. 306, 308 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); s*ee also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir.2011); Fed. R. Civ.P. 12(h)(3)).
[8] *Crenshaw–Logal*, 436 F. App'x. at 308 (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977)).
56961

advisory opinions and barring courts without jurisdiction "'from prematurely dismissing a case with prejudice.'"[9]

"Article III standing is a jurisdictional prerequisite."[10] If a plaintiff lacks standing to bring a claim, the Court lacks subject matter jurisdiction over the claim, and dismissal under Rule 12(b)(1) is appropriate.[11] The party seeking to invoke federal jurisdiction bears the burden of showing that standing existed at the time the lawsuit was filed.[12] In reviewing a motion under 12(b)(1) for lack of subject matter jurisdiction, a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[13]

2. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[14] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[15] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[16] In *Twombly*, the United States Supreme

---

[9] *Id.* (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), and *Ramming*, 281 F.3d at 161).
[10] *Crenshaw–Logal*, 436 Fed.Appx. at 308 (citing *Steel Co.*, 523 U.S. at 101, 118 S.Ct. 1003, and *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989)).
[11] *Whitmore v. Arkansas*, 495 U.S. 149, 154–55, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir.1997).
[12] *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Ramming*, 281 F.3d at 161.
[13] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).
[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[15] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area*
56961

Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[17] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[20] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[21] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[22]

3. Analysis

i. 12(b)(1) – Proper Plaintiff for Wrongful Death Claim

Plaintiffs' First Claim for Relief is entitled "Wrongful Death."[23] Defendants argue that under Louisiana law, Calvin Toney's alleged daughter, Calie Knight, "is the only

---

*Rapid Transit,* 369 F.3d at 467).
[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[19] *Twombly*, 550 U.S. at 570.
[20] *Iqbal*, 556 U.S. at 678.
[21] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[22] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[23] Rec. Doc. No. 1, p. 5.
56961

person having a right to pursue"[24] this claim. The Court agrees. "As a threshold matter, any party bringing suit must have standing to do so, and the [United States Court of Appeals for the] Fifth Circuit has instructed district courts to evaluate state law concepts . . . to establish standing in wrongful death and survivorship actions."[25] Under Louisiana Civil Code Articles 2315.1 and 2315.2, the right of a survival or wrongful death action is afforded to four exclusive categories of survivors. However, the statutes do not allow for multiple classes of survivors, *e.g.,* both the mother and siblings of the decedent, to recover. Rather, the existence of a person within a higher class precludes a person in a lower class from filing suit.[26] The primary category under both 2315.1 and 2315.2 includes the surviving spouse and/or children of the decedent. The second category includes "the surviving father and mother of the deceased, or either of them if he left no spouse or child surviving."[27] Siblings are only permitted to recover under the third category, and then only if [the decedent] left no spouse, child, or parent surviving."[28]

Plaintiffs aver in their *Complaint* that "Waconda Toney is the biological mother of the decedent Calvin Darnell Toney."[29] The law is clear that Calie Knight, the decedent's daughter, ranks in the first category and excludes Calvin Toney's mother, who falls into the second category, from recovering in a wrongful death action. Therefore, Waconda Toney lacks standing to bring her wrongful death claim, and her claim shall be dismissed

---

[24] Rec. Doc. No. 22-1, p. 4.
[25] *Howell v. Hillcorp Energy Co.*, No. 12–0293, 2013 WL 1455758 at *3 (E.D. La. 2013).
[26] *See Kumasi v. Cochran*, No. 2015 WL 4429192, at *3 (M.D. La. July 17, 2015).
[27] La. Civ. Code art. 2315.1, 2315.2.
[28] *Id*.
[29] Rec. Doc. No. 1, p. 3. Plaintiffs further contend, citing *Prudhomme v. Russell*, No. CV 17-1344, 2018 WL 2110684 (W.D. La. April 19, 2018), that an evidentiary hearing is required to determine the proper plaintiff for the wrongful death claims. The Court disagrees. *Prudhomme* featured a contested filiation, which this case does not.
56961

with prejudice. The wrongful death claim may continue with Roblisa Knight as Plaintiff, on behalf of her minor child Calie Knight. Defendants' *Motion to Dismiss Under 12(b)(1)* shall be granted as to Waconda Toney's claim.

### ii. 12(b)(6) – Failure to State a Claim

Defendants urge the Court to dismiss all claims against them because the *Complaint* "does not contain any factual information to justify the claims presented, to allow the Court to rule on those claims, or to allow Defendants to investigate the claims and present their defenses."[30] A review of the *Complaint* suggests that Defendants are correct. Although Plaintiffs allege that the "wrongful acts of defendants killed the decedent,"[31] there are no factual allegations regarding where, when, or how Calvin Toney's death occurred, nor any information about who, specifically, caused it. With only a bare-bones allegation of liability, the Court cannot draw a reasonable inference that Defendants are liable for the alleged misconduct, as required to survive a motion to dismiss. Accordingly, Defendants' *Motion to Dismiss* shall be granted, and the claims against them dismissed without prejudice. Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Rather than belabor the 12(b)(6) analysis with respect to such an obviously deficient *Complaint*, the Court concludes that Plaintiff Knight shall have leave to amend her *Complaint* (Plaintiff Toney's claims having already been dismissed, *supra*, for lack of standing).

---

[30] Rec. Doc. No. 22-1, p. 5—6. Defendants also point out a potential venue issue based on Plaintiffs' allegation that the "events referred to in this complaint occurred within the Western District of Louisiana." Rec. Doc. No. 22-1, p. 6. The Court concludes that the reference to the Western District was in error, given the many other references in the *Complaint* to the city of Baton Rouge and East Baton Rouge Parish.
[31] Rec. Doc. No. 1, p. 5.

56961

**B. Motion to Quash Subpoena**

On March 21, 2019, this Court issued a subpoena to Baton Rouge Police Department (BRPD) Chief Murphy Paul, commanding BPRD to produce "the complete file of Calvin Darnell Toney, inclusive, but not limited to: 1. Police Report 2. Coroner's Report 3. Investigative Report 4. Video Recordings 5. Audio Recordings."[32] The BRPD records custodian was served with the subpoena on March 22, 2019. On March 28, BRPD filed an *Objection to Subpoena Duces Tecum*,[33] arguing that the death of Calvin Toney was still under criminal investigation by the East Baton Rouge Parish Sheriff's Office and that, pursuant to Louisiana Revised Statute § 44.3, "[r]ecords pertaining to pending criminal investigation or potential criminal prosecution are not subject to disclosure until such litigation has been finally adjudicated or otherwise settled."[34]

Now, Defendants bring the instant *Motion*,[35] urging this Court to quash the subpoena because it requires disclosure of privileged or protected matter. Plaintiffs oppose the *Motion to Quash* on the basis that, although the existence of an ongoing investigation *could* exempt the requested documents from disclosure, the BRPD's "showing is insufficiently specific to invoke this exclusion from disclosure."[36] Specifically, Plaintiffs argue that "[s]imply alleging that 'the officer' is under 'an open criminal investigation' is not enough to assure this Court that Section 44:3 does apply to these subpoenas."[37] The Court notes, however, that BRPD has not "simply alleg[ed]" the

---

[32] Rec. Doc. No. 31-3.
[33] Rec. Doc. No. 31-4.
[34] *Id.* at p. 2.
[35] Rec. Doc. No. 31.
[36] Rec. Doc. No. 36, p. 2-3.
[37] *Id.* at p. 3.
56961

existence of an ongoing investigation; it has provided evidence of such in the form of a letter from the East Baton Rouge Parish District Attorney's Office, wherein the First Assistant District Attorney states that, as of March 27, 2019, the "officer involved shooting death of Calvin Toney is still under review by our office."[38] The letter also indicates that the District Attorney's office has not yet decided whether to present the matter to a grand jury.[39]

Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it: (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden.[40] Finding that Defendants have sufficiently established that the officer-involved shooting death of Calvin Toney is the subject of an ongoing criminal investigation, this Court concludes that the subpoena should be quashed because it requires the disclosure of a privileged or protected matter. Accordingly, Defendants' *Motion to Quash*[41] shall be GRANTED.

### C. Motion to Stay

Defendants also argue that the Court should stay this matter because, given the existence of an ongoing investigation into the underlying events, "no substantive discovery can be conducted at this point."[42] Further, Defendants aver, they "will be prejudiced if the case is allowed to move forward without first determining whether

---

[38] Rec. Doc. No. 31-2.
[39] *Id.*
[40] Fed. R. Civ. P. 45(3)(A)(i)-(iv).
[41] Rec. Doc. No. 31.
[42] Rec. Doc. No. 31-1, p. 5.
56961

criminal litigation against the law enforcement officer will be instituted."[43] Plaintiffs take no position and offer no argument on the imposition of a stay.

Whether to stay a civil action pending resolution of a parallel criminal prosecution is within the Court's discretion, which should be exercised when the interests of justice so require.[44] The burden rests on the movant to show that special circumstances exist that warrant a stay.[45] Courts within the Fifth Circuit consider the following six factors when determining whether a civil action should be stayed due to a parallel criminal matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.[46]

Both this civil case and the potential criminal case arise out of and hinge on the officer-involved shooting death of Calvin Toney. The East Baton Rouge Parish District Attorney's Office has indicated that the criminal matter is still in the investigation phase, with no indictment yet brought against the BRPD officer. Above, this Court dismissed the claims against Defendants without prejudice for failure to state a claim and granted Plaintiff Knight leave to file an *Amended Complaint*. However, as discussed *supra*, the ongoing criminal investigation restricts from disclosure the documents and materials that

---

[43] Rec. Doc. No. 31-1, p.5.
[44] *United States v. Kordel*, 397 U.S. 1, n. 27 (1970) (stating that "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution[.]").
[45] *Sec. & Exch. Comm'n v. First Financial*, 659 F.2d 660, 668 (5th Cir. 1981).
[46] See, e.g. *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 398—399 (S. D. Tex. 2009); *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, 2015 WL 893447, at *9 (E.D. La. March 2, 2015); *Dolan v. Parish of St. Tammany*, 2013 WL 3270616, at *6 (E.D. La. June 26, 2013).
56961

would facilitate Plaintiff Knight's filing of a more factually supported *Amended Complaint*. Therefore, the Court concludes that a stay is warranted at this time; Defendants' *Motion to Stay* shall be granted.

## III. CONCLUSION

For the foregoing reasons, the *Motion to Dismiss*[47] filed by Defendants is GRANTED, and the claims against them are dismissed without prejudice. The *12(b)(1) Motion to Dismiss* is granted as to the claims of Plaintiff Waconda Toney, which are dismissed with prejudice.

Defendants' *Motion to Quash Subpoena and Motion to Stay*[48] is GRANTED. This matter is hereby stayed during the pendency of the criminal investigation arising out of the death of Calvin Toney. By notice of the parties to the Court, the matter shall be reopened and Plaintiff Knight shall have 30 days from the date of reopening to file an *Amended Complaint*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 26, 2019.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[47] Rec. Doc. No. 22.
[48] Rec. Doc. No. 31.
56961