# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ROBLISA KNIGHT, *et al*

VERSUS

CITY OF BATON ROUGE, *et al*

CIVIL ACTION

18-1010-SDD-RLB

## RULING

This matter is before the Court on the *Motion for New Trial and Relief from Judgment Under Rule 60(B)(1)(6)*[1] filed by Plaintiff, Roblisa Knight ("Knight"). Defendants, the City of Baton Rouge/Parish of East Baton Rouge, Mayor-President Sharon Weston Broome, Baton Rouge Metropolitan Council, and Baton Rouge Police Department Chief of Police Murphy J. Paul, Jr. (collectively "Defendants") filed an *Opposition*[2] to the *Motion*. For the reasons that follow, the Court finds that the *Motion* shall be DENIED.

## I.    FACTUAL BACKGROUND

The procedural history of this case was set forth at length in the Court's previous *Ruling* denying Knight's *Motion to Continue Trial and Other Scheduling Order Deadlines*.[3] The essential facts are these: Knight filed her original *Complaint* on November 11, 2018, alleging that Calvin Toney ("Toney") was killed as a result of "an incident involving the Baton Rouge Police Department."[4] Defendants filed a *Motion to Dismiss*, which the Court granted in a September 26, 2019 *Ruling*, dismissing Plaintiff's claims without prejudice and granting leave to file an *Amended Complaint*. Further, the Court stayed the matter

---

[1] Rec. Doc. No. 66.
[2] Rec. Doc. No. 67.
[3] Rec. Doc. No. 51.
[4] Rec. Doc. No. 1, p. 2.
Document Number: 69740

during the pendency of the criminal investigation arising out of the death of Calvin Toney, ordering Plaintiff to file a notice with the Court when that investigation was concluded so that the matter could be reopened. The Court further ordered that any *Amended Complaint* was to be filed "30 days from the date of reopening"[5] of the case. Knight notified the Court that the case could be reopened on November 6, 2019, but she did not file her *Amended Complaint* until nearly a year and a half later, on March 19, 2021. The Court denied her *Motion to Continue Trial and Other Scheduling Order Deadlines,*[6] finding that "[i]n a case where the Plaintiff is represented by counsel, there is no excuse for such inattention to deadlines and failure to communicate with the Court"[7] and dismissing Knight's claims with prejudice.

Now, Knight moves for the Court to set aside its dismissal of the case under Federal Rules of Civil Procedure 59 and 60, explaining that her counsel "missed"[8] certain *Orders* because counsel's fiancé was ill and was subsequently hospitalized with COVID-19. Per Knight, the fact that Plaintiff's counsel was facing "stress that dealt with life-or-death circumstances"[9] constitutes a basis for reconsidering the denial of her previous motions. Additionally, Knight argues that she faced "difficulty" stemming from the fact that the stay of this case "depended to a large degree on a party not subject to the Court's supervision, the State District Attorney."[10] Defendants oppose Knight's requested relief, arguing that "Plaintiff fails to demonstrate how she has satisfied any of the standards

---

[5] Rec. Doc. No. 40, p. 10.
[6] Rec. Doc. No. 51.
[7] Rec. Doc. No.
[8] Rec. Doc. No. 66, p. 3.
[9] *Id.*
[10] *Id.* at p. 4.
Document Number: 69740

under Rules 59 and 60 of the Federal Rules of Civil Procedure."[11] After reviewing the records, the Parties' briefs, and the applicable law, the Court agrees with Defendants.

## II.     LAW AND ANALYSIS

### A.  Motion to Alter or Amend Judgment/New Trial

A motion asking the Court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "relief from a final judgment, order or proceeding" under Federal Rule of Civil Procedure 60(b). Which rule applies depends upon when the motion was filed.[12] If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). If it is filed after that time, it falls under Rule 60(b).[13] Here, the motion was filed on May 10, 2021, twenty-seven days after entry of the Court's ruling on April 13, 2021. Thus, it qualifies as a motion to alter or amend under Rule 59(e). Nevertheless, because the movant discusses both Rule 59(e) and Rule 60(b), the Court will evaluate the motion under the standards of each Rule, respectively, to determine whether relief is warranted under either.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[14] "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence"[15] and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of

---

[11] Rec. Doc. No. 67.

[12] *Texas A & M Research Foundation v. Magna Transp., Inc.,* 338 F.3d 394, 400 (5th Cir. 2003).

[13] *Id.*

[14] *Templet v. HydroChem Inc.,* 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002)).

[15] *Advocare Intern. LP v. Horizon Laboratories, Inc.,* 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863 (5th Cir. 2003)(quoting *Simon v. U.S.,* 891 F.2d 1154, 1159 (5th Cir. 1990)).

Document Number: 69740

judgment."[16] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[17] The Fifth Circuit has explained that reconsideration of a judgment after it has been entered under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[18]  As this Court has recently explained, "[w]hile the district courts do have 'considerable discretion in deciding whether to grant or deny a motion to alter judgment,' denial of Rule 59(e) motions to alter or amend is favored."[19]

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

"Several factors shape the framework of the court's consideration of a 60(b) motion: '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally

---

[16] *Templet*, 367 F.3d 473, 478-9(5th Cir. 2004)(emphasis added).
[17] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[18] *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D.La. 2000)).
[19] *Brown v. Louisiana State Senate*, 2013 WL 5603232, at *1 (M.D.La. Oct. 11, 2013)(quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).
Document Number: 69740

construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.'"[20]

B. Analysis

Knight seeks to set aside the Court's denial of her *Motion to Continue Trial and Other Scheduling Order Deadlines*[21] and the dismissal of her claims with prejudice. At its core, Knight's argument is that her failures were the result of "excusable neglect."[22] Explaining her failure to timely file an amended complaint, she avers that her counsel did not realize that the case was no longer stayed because counsel's fiancé "was undergoing numerous health problems which occupied a great deal of counsel's time as his caregiver in latter 2019."[23] That obligation required Knight's counsel to frequently "travel[] back and forth from Monroe, Louisiana to Beverly Hills, California."[24] The Court acknowledges these circumstances but does not find that they constitute excusable neglect. Per this Court's previous *Ruling*, the *Amended Complaint* was to be filed within 30 days of Knight's notice to the Court that the case was ready to be reopened. Knight herself filed that notice

---

[20] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993)(quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)); *see also Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir.1984).
[21] Rec. Doc. No. 51.
[22] Rec. Doc. No. 66, p. 3.
[23] *Id.*
[24] *Id.*, n. 3.
Document Number: 69740

on November 6, 2019[25] -- she can scarcely claim to be unaware that the case had been reopened when it was reopened upon *her Notice*. In its previous *Ruling*, this Court stated that Knight's "suggestion that the matter ha[d] not yet been reopened is disingenuous."[26] Knight rejects the idea that she acted disingenuously and moves for the Court to "reconsider its ruling without the lens of the alleged disingenuousness of her motion."[27] Knight's opinion that she acted in good faith, while noted, is not a reason to reconsider in the absence of some legal or factual basis to do so.

Knight further asserts that the COVID-19 pandemic and the attendant "concerns which made the practice of law difficult"[28] constitute "[e]xtraordinary circumstances. . . which merit relief from the judgment."[29] While the pandemic and its effects on the practice of law have indeed been extraordinary, the circumstances described by Knight are circumstances that were, and are, faced by all of the members of the bar, to various extents. Moreover, the pandemic, whose effects were first felt in Louisiana in March 2020, could not possibly justify counsel's failure to file an *Amended Complaint* at any time between her November 6, 2019 *Notice* and March 2020.

Knight's final argument for setting aside this Court's ruling is her observation that the stay of the case "depended to a large degree on a party not subject to the Court's supervision, the State District Attorney."[30] The Court took this fact into consideration with by previously ordering as follows: "[t]his matter is hereby stayed during the pendency of the criminal investigation arising out of the death of Calvin Toney. By notice of the parties

---

[25] Rec. Doc. No. 43.
[26] Rec. Doc. No. 62, p. 3.
[27] Rec. Doc. No. 66, p. 3.
[28] Rec. Doc. No. 66, p. 3.
[29] *Id.*
[30] *Id.* at p. 4.
Document Number: 69740

to the Court, the matter shall be reopened and Plaintiff Knight shall have 30 days from the date of reopening to file an *Amended Complaint*."[31] Knight complains that although the investigation ended, at which point she filed her *Notice* to this Court, the investigation was later "informally reopened."[32] Knight does not state when this informal reopening occurred, nor why the informal reopening prevented her from filing her *Amended Complaint* timely. The Court will reiterate its statement from the *Ruling* that Knight seeks to overturn: if "Plaintiff was unsure about the status of the case, she was obligated to file a motion requesting a status conference or in some other way communicate with the Court. Waiting almost a year and a half to file an *Amended Complaint* was an inexcusable delay, especially since Plaintiff is represented by counsel."[33] The fact that Knight cannot "control"[34] the District Attorney, as she argues, is both obvious and irrelevant.

Overall, the Court finds that none of the above-described circumstances constitute excusable neglect under Rule 60(b) such that the *Judgment* should be disturbed. All attorneys bear certain personal and family obligations; those obligations do not provide a blanket excuse for mismanaging a case on the level present here. Likewise, COVID-19 has undoubtedly presented challenges, but the pandemic cannot be a license to miss a deadline by more than a year, especially when that deadline arose four months before the pandemic began. As for Rule 59(e) Knight has not argued, let alone established, a manifest error of law or fact or newly discovered evidence that would justify reconsideration.

---

[31] Rec. Doc. No. 40, p. 10.
[32] *Id.* at p. 4.
[33] Rec. Doc. No. 62, p. 3.
[34] Rec. Doc. No. 66, p. 5.
Document Number: 69740

III.    **CONCLUSION**

For the foregoing reasons, Plaintiff's *Motion for New Trial and Relief from Judgment Under Rule 60(B)(1)(6)*[35] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 7, 2021</u>.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[35] Rec. Doc. No. 66.
Document Number: 69740